UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 11-332-HRW

GARY BRANNON HALCOMB,         PLAINTIFF,

v.   **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,   DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on June 2, 2010, alleging disability due to "nerves, panic disorder, manic depression, anxiety, chronic pain and bipolar [disorder]" (Tr. 166) beginning on August 19, 2009. This application was denied

initially as well as upon reconsideration (Tr. 85-88, 92-94). Upon timely written request by Plaintiff, a hearing was convened by Administrative Law Judge William C. Zuber (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Following the hearing, the ALJ issued a decision finding that Plaintiff was not disabled (Tr. 12-30). Plaintiff was 32 years old on his alleged date of onset (Tr. 141). He has a high school education and past relevant work as an auto body repair man (Tr. 167).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffers from alcohol dependency, alcohol induced mood disorder, panic disorder with agoraphobia and generalized arthritis, which he found to be "severe" within the meaning of the Regulations (Tr. 15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15). In doing so, the ALJ specifically considered listings 12.04, 12.06 and 12.09 (Tr. 15-17).

The ALJ further found that Plaintiff could not return to his/her past relevant work (Tr. 18) but determined that, considering Plaintiff's alcohol abuse, he has the residual functional capacity ("RFC") to perform medium work but had non-exertional limitations so extreme as to preclude work (Tr. 17-18). The ALJ

then found that, if Plaintiff stopped drinking alcohol, he could perform medium work that involves simple, one-two step tasks that are object focused in a non-public work setting; with no more than occasional changes in the work setting or routine and was limited to jobs that would not involve high speed production work or production work that involved high end quotas, and required direct and non-confrontational supervision (Tr. 20-21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24). Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.  Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not consider Plaintiff's chronic pain, (2) the ALJ did not properly evaluate Plaintiff's credibility and (3) the ALJ improperly concluded that Plaintiff's substance abuse was a material factor contributing to his disability.

### C.  Plaintiff's Prior Applications

Before addressing Plaintiff's specific contentions on appeal, a review of

Plaintiff's previous applications is warranted. On April 10, 2008, he filed applications for a period of disability, disability insurance benefits and SSI, alleging an onset of disability date of January 15, 2008. That application was denied by a decision of an ALJ dated August 18, 2009 (Tr. 60-72). In the decision, the ALJ found that Plaintiff's severe impairments were anxiety disorder, affective disorder, personality disorders and substance abuse disorder (Tr. 61). He further found that, when considering Plaintiff's substance abuse, Plaintiff had no useful ability to tolerate the stress and pressure of routine work or respond appropriately to others on a sustained basis for eight hours a day, five days per week (Tr. 64). The ALJ then found that if Plaintiff stopped the substance abuse, he could perform a full range of work at all exertional levels but was limited to the performance of simple one to two step tasks in an object-focused, non-public work setting that does not require highly stressful production rate or quota work, or more than occasional changes in the work setting or routines and he required direct and non-confrontational supervision (Tr. 67-68). A vocational expert identified a significant number of jobs that Plaintiff could perform and the ALJ therefore found Plaintiff not disabled (Tr. 71-72). The Appeals Council denied Plaintiff's request for review, and Plaintiff did not appeal this decision. Therefore, it became the final and binding decision of the Commissioner. *See* 20

C.F.R. § 404.955.

Thereafter, on June 2, 2010, Plaintiff filed a second set of applications for disability insurance benefits and SSI, in which he initially alleged an onset of disability date of January 15, 2008 (Tr. 141). As the doctrine of res judicata precludes the parties from relitigating issues that were decided in the August 18, 2008 decision at the hearing on the second application, Plaintiff amended his onset date to August 19, 2008 (Tr. 34). Sixth Circuit holds that absent evidence of a change in claimant's condition, a subsequent ALJ is bound by the findings of the previous ALJ. *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997).

Thus, the ALJ in the current case was bound by the findings in the August 18, 2008 decision, absent a showing of a change in Plaintiff's condition. In the case at bar, the ALJ found an additional severe impairment, generalized arthritis, which was not found in the prior decision, but he found no other change in Plaintiff's condition. Thus, in the present case, the ALJ limited Plaintiff to medium work (as opposed to finding no exertional limitations), and adopted non-exertional limitations consistent with the RFC finding in the prior decision (Tr. 20-21).

### D. Analysis of Contentions on Appeal

Plaintiff argues that the ALJ did not consider Plaintiff's chronic pain.

7

It appears that the ALJ did, in fact, acknowledge Plaintiff's chronic pain. He found that, in addition to the severe impairments recited in the prior decision, Plaintiff suffered from generalized arthritis, which he deemed to be severe (Tr. 15). In addition, the ALJ made accommodations for arthritis in his the RFC Tr. 23). In doing so, the ALJ was generous, given the sparse medical record pertaining to this ailment. The Court is not persuaded by Plaintiff's argument that the ALJ did not consider his chronic pain.

Plaintiff's second assertion on appeal is that the ALJ did not properly evaluate Plaintiff's credibility.

An ALJ is in the best position to observe witnesses' demeanor and to make an appropriate evaluation as to their credibility. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir.1997). Therefore, an ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001); *Walters,* 127 F.3d at 531 (recognizing ALJ's credibility assessment is entitled to "great weight and deference"). In making a credibility determination, Social Security Ruling 96–7p provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the

8

claimant; and any other relevant evidence. *See* SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996).

Here, the ALJ properly recognized the factors that the regulations require to be considered in evaluating a claimant's credibility with regard to their pain. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). He set forth in detail reasons for discounting Plaintiff's credibility. For example, the ALJ noted that, Plaintiff's testimony was not consistent with his allegations of total disability (Tr. 22). For example, Plaintiff testified that he experienced six or seven panic attacks per day that shut his whole body down and made him feel like he was dying (Tr. 39-40). Yet, the evidence shows that Plaintiff was able to live alone, take care of his personal needs, drive, and visit his parent daily (Tr. 22, 44-46). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

As for his mental condition, in July 2009, Plaintiff told consultative examiner Dr. Raza that he was sleeping better and feeling better since he started on psychotropic medications (Tr. 22, 606). Similarly, in November 2009, Plaintiff told his primary care physician Dr. Escheverria that he was "much

improved" after staring valium to control his panic attacks (Tr. 653). In addition, Plaintiff's healthcare providers described Plaintiff as cooperative with good eye contact (Tr. 22, 606). It is clear that record casts doubt on Plaintiff's allegations of the severity of his mental impairment.

The ALJ also noted that Plaintiff made inconsistent statement about his drinking (Tr. 22). Specifically, he noted that Plaintiff testified that he was no longer drinking, but later stated that he drank a few beers a week earlier and continued to drink two or three beers at a time (Tr. 22, 42-43) Moreover, in April 2011, he also told Dr. Spangler that he continued to occasionally drink alcohol (Tr. 22. 777). These inconsistent statements about his alcohol consumption suggest that Plaintiff has not been candid about his drinking. This further undermines his credibility.

The Court finds that the ALJ's conclusions as to Plaintiff's credibility are supported by substantial evidence.

Finally, Plaintiff contends that the ALJ improperly concluded that Plaintiff's substance abuse was a material factor contributing to his disability.

On March 29, 1996, Congress enacted legislation which bars a finding of disability if substance abuse, either drugs or alcohol, is a "contributing factor material to" the determination of disability. Pub. L. No. 104-121, §

10

105(b)(amending Title XVI of the Social Security Act). Thus, in cases where alcohol abuse is of record, the pertinent inquiry is which limitations would remain absent substance abuse. *See*, 20 C.F.R. § 416.935 (b)(1) (2006). In other words, would the claimant still be disabled if she stopped drinking?

In this case, the prior ALJ found that Plaintiff's substance abuse was a material factor contributing to the determination of disability. Plaintiff did not appeal that decision. As stated above, the ALJ in the case at bar was bound by the prior ALJ's findings. Thus, the ALJ committed no error finding that Plaintiff's substance abuse was a material factor contributing to the determination of disability because he was bound by the prior decision to do so absent a finding of a change in Plaintiff's condition. On this point, the evidence shows no change in Plaintiff's condition.

In making this argument, Plaintiff seems to be asserting that the ALJ should have given greater weight to the opinion of Dr. Spangler over Dr. Raza for the sole reason that the former's assessment was more recent.

Plaintiff misunderstands that standard by which the ALJ is bound. The only opinion which may be given controlling weight are that of a treating physician, and those may be discounted if they are at odds with the record or unsupported by sufficient data. 20 C.F.R. §404.1527(d)(2). The opinions of other medical

11

sources, such as consultative physicians, are considered and weighed in light of the other evidence of record.

Dr. Spangler and Dr. Raza both assessed Plaintiff based upon a one-time examination. Dr. Raza consultatively evaluated Plaintiff on June 28, 2008 at the request of the state Division of Disability Determinations in connection with his applications for disability benefits (Tr. 760). He noted that Plaintiff had a fair ability to understand and remember simple and one-and-two step instructions; had full good sustained concentration and persistence to complete tasks in a normal amount of time; had poor socializing skills; and poor coping skills (Tr. 764-65). Dr. Raza opined that Plaintiff's alcohol dependency was "very severe and...made him very dysfunctional in life" (Tr. 765). This opinion was offered at a time when Plaintiff continued to drink alcohol.

Dr. Spangler's April 2011 assessment stands in stark contrast to both Dr. Raza. He found that Plaintiff had poor/no ability to deal with work stress; understand, remember, and carry out complex or detailed job instructions; and demonstrate reliability (Tr. 782-83). He further found that Plaintiff had a fair ability to follow simple work rules, relate to co-workers, deal with public, "use judgment of public," interact with supervisors, deal with work stress, function

12

independently, maintain attention and concentration, understand, remember and carry-out simple job instructions, maintain personal appearance, behave in an emotionally stable manner, and relate predictably in social situations (Tr. 782-83).

The ALJ properly Dr. Spangler's assessment negligible weight, finding that it was not supported by the evidence as a whole (Tr. 22-23). The Court agrees. For example, Dr. Spangler's report noted that Plaintiff's social skills were adequate and he related well to the examiner (Tr. 779). Yet, in his assessment, Dr. Spangler inexplicably indicated that Plaintiff had "fair" (or unsatisfactory) ability to relate predictably in social situations, relate to co-workers, or interact with supervisors (Tr. 782-83). He also noted that Plaintiff had a fair (or unsatisfactory) ability to function independently, which ignores the fact that Plaintiff lives alone and takes cares of himself (Tr. 782). Moreover, Dr. Spangler attributed these extreme limitations to major depressive disorder, generalized anxiety disorder and "erratic concentration, moderate to severe" (Tr. 782-83). In fact, the ALJ did not find that Plaintiff had severe depression or a severe concentration disorder, a finding Plaintiff did not challenge (Tr. 15). As such, Plaintiff cannot show that these impairments, which are not severe, caused the extreme limitations Dr. Spangler assessed.

13

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment be OVERRULED and the Defendant's Motion for Summary Judgment be SUSTAINED. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 12th day of March, 2013.



Signed By:
Henry R. Wilhoit, Jr
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge